1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

GS HOLISTIC, LLC,

CASE NO. C23-5214JLR

11

                          Plaintiff,

ORDER

              v.

12
13

MITCHELL & MITCHELL
ENTERPRISES, INC., et al.,

14

                          Defendants.

15

## I.      INTRODUCTION

16

Before the court is Plaintiff GS Holistic, LLC's second motion for leave to serve

17

Defendant Rozalynn Fernandez by publication.  (Mot. (Dkt. # 18).)  Because none of the

18

Defendants have appeared in this action, the court exercises its discretion under Federal

19

Rule of Civil Procedure 1 to decide this motion before the October 6, 2023 noting date.

20

Fed. R. Civ. P. 1 (directing courts to construe the Federal Rules of Civil Procedure "to

21

secure the just, speedy, and inexpensive determination of every action and proceeding").

22

Having reviewed the motion, the relevant portions of the record, and the governing law, the court GRANTS GS Holistic's second motion for leave to serve Ms. Fernandez by publication.

## II.   BACKGROUND

GS Holistic filed this action for trademark infringement on March 14, 2023. (Compl. (Dkt. # 1).)  It served Defendants Mitchell & Mitchell Enterprises, Inc. ("Mitchell & Mitchell") and Timothy Mitchell on April 12, 2023, and the court entered default as to those two Defendants on June 8, 2023.  (*See* Affs. of Service (Dkt. ## 7-8); Entry of Default (Dkt. # 10).)

On June 12, 2023, GS Holistic moved for a 60-day extension of the deadline to serve Ms. Fernandez.  (6/12/23 Mot. (Dkt. # 11).)  The court concluded that GS Holistic had not shown good cause to extend the service deadline because it had not attempted to serve Ms. Fernandez at any location other than her place of business.  (6/13/23 Order (Dkt. # 13) at 2-3 (citing DeMers Decl. (Dkt. # 12)).)  Nevertheless, the court granted GS Holistic's motion and ordered GS Holistic to file proof of service on Ms. Fernandez by no later than August 11, 2023.  (*Id.* at 3.)

On August 15, 2023, GS Holistic moved again for an extension of the deadline to serve Ms. Fernandez.  (8/15/23 Mot. (Dkt. # 14).)  GS Holistic represented that its process server had attempted to serve Ms. Fernandez multiple times and that skip traces did not identify any new addresses for Ms. Fernandez.  (*Id.* ¶¶ 3-4.)  The court again concluded that GS Holistic had not demonstrated good cause to extend the service deadline because it did not provide any evidence to substantiate the efforts it had made to

1    serve Ms. Fernandez.  (8/17/23 Order (Dkt. # 15) at 3.)  Nevertheless, the court granted

2    GS Holistic's motion, extended the service deadline by an additional 30 days, and

3    ordered GS Holistic to file proof of service by no later than September 11, 2023.  (*Id.*)

4              On September 11, 2023, GS Holistic moved the court for leave to serve Ms.

5    Fernandez by publication.  (9/11/23 Mot. (Dkt. # 16).)  The court denied the motion

6    because GS Holistic had not complied with the requirements for service by publication

7    set forth in federal and Washington law, most notably by failing to file affidavits

8    supporting its contention that Ms. Fernandez was avoiding service.  (9/12/23 Order (Dkt.

9    # 17) at 2-3.)  The court granted GS Holistic leave to file a renewed motion for leave to

10   serve Ms. Fernandez by publication by no later than September 18, 2023.  (*Id.*)

11             On September 18, 2023, GS Holistic filed the instant motion and four supporting

12   affidavits.  (Mot.; Heath Aff. (Dkt. # 18-1); Webster Aff. (Dkt. # 18-2); DeMers Decl.

13   (Dkt. # 18-3) [1]; Harris Decl. (Dkt. # 19).)  According to these filings, GS Holistic and its

14   agents took the following actions to attempt to serve Ms. Fernandez:  (1) Angela Heath of

15   ACCU-SEARCH, INC. performed skip traces on Ms. Fernandez to locate addresses at

16   which GS Holistic could attempt to serve her (*see* Heath Aff.); (2) process server Andrew

17   Webster attempted to serve Ms. Fernandez on April 22, 2023, at her business address in

18   Tacoma, Washington, but was unsuccessful (*see* Webster Aff.); (3) process server Donald

19   DeMers attempted to serve Ms. Fernandez several times at her business address in

20   Bremerton, Washington on May 18 and 19, 2023, but was unsuccessful (DeMers Decl.);

21

22   [1] This is the same declaration that GS Holistic filed in support of its June 12, 2023 motion
     for an extension of time to serve Ms. Fernandez.  (*Compare* Dkt. # 12; *with* Dkt. # 18-3.)

(4) Mr. DeMers received a call from Mr. Mitchell on May 19, 2023, in which Mr. Mitchell accused him of trespassing on his business and threatened that he would sue Mr. DeMers if he continued attempting to serve Ms. Fernandez (*id.*); (5) Mr. DeMers copied the license plate numbers of the stores in Ms. Fernandez's business's parking lot in an attempt to find another address for Ms. Fernandez but was unable to identify a valid home address (*id.*); (6) GS Holistic's process servers attempted to serve Ms. Fernandez at addresses in Tacoma and Mill Creek, Washington but were unsuccessful (Heath Aff.; *see also* Harris Decl. ¶¶ 5-6); and (7) Ms. Heath left a message at a cell phone number associated with Ms. Fernandez but did not receive a return call (Heath Aff.).  Based on these facts, GS Holistic's attorney believes that Ms. Fernandez is aware of this lawsuit and is avoiding service.  (Harris Decl. ¶ 4.)

### III.    ANALYSIS

Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits.  Fed. R. Civ. P 4(e)(1).  Under Washington law, "constructive service by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process."  *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005); *see also* RCW 4.28.100 (authorizing service by publication under certain circumstances, including where the plaintiff, its agent, or its attorney (1) submits an affidavit stating that he or she

1  believes that the defendant "has departed [the state] with intent to defraud his or her

2  creditors, or to avoid the service of a summons, or keeps himself or herself concealed

3  therein with like intent" and (2) has mailed a copy of the summons and complaint to the

4  defendant at his or her place of residence); RCW 4.28.110 (setting forth the procedural

5  requirements to serve a defendant by publication).

6        The court concludes that GS Holistic has met these requirements.  Having

7  reviewed GS Holistic's submissions, the court is satisfied that (1) Ms. Fernandez is or

8  was a resident of Washington; (2) that GS Holistic has been diligent in its attempts to

9  locate and serve Ms. Fernandez; and (3) that Ms. Fernandez is aware of this lawsuit in

10  light of GS Holistic's successful service upon her co-Defendants.  The court agrees with

11  GS Holistic that, based on these facts, it appears to be more likely than not that Ms.

12  Fernandez is attempting to avoid service of process.  In addition, GS Holistic has mailed

13  a copy of the summons and complaint to Ms. Fernandez at her last known residential

14  address as required by RCW 4.28.100.  (*See* Mot. at 5.)  Because GS Holistic has

15  satisfied the requirements for service by publication under Washington law, the court

16  GRANTS GS Holistic's motion for leave to serve Ms. Fernandez by publication.

17  //

18  //

19  //

20  //

21  //

22  //

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS GS Holistic's motion for leave to serve Ms. Fernandez by publication (Dkt. # 18).

Dated this 20th day of September, 2023.

JAMES L. ROBART
United States District Judge